30582. NIPPER *v.* THE STATE.

DECIDED JULY 14, 1944.

*Lester Dickson,* for plaintiff in error.

*Edwin S. Kemp, solicitor, Alan Kemper, solicitor pro tem,* contra.

GARDNER, J. The indictment was drawn under the Code, § 45-506, which reads in part as follows: "Any person who *shall place* or cause to be placed in any of the waters of this State, except private ponds, any trap, basket or similar device *for the purpose of catching fish* shall be guilty of a misdemeanor." (Italics ours.) There are two contentions urged by the plaintiff in error as to why the evidence does not sustain the verdict: (a) It is contended and earnestly argued that the evidence does not show that the defendant placed the baskets in the river for the purpose of catching fish. This argument evidently is based on the testimony of the game warden to the effect that he did not know whether the defendant had ever placed a fish basket in Flint River in either of the counties of Fayette or Clayton. If this were all that appeared in the record, or all the judge had to go on, the argument would have some force. But since the judge was authorized to believe a part of the defendant's statement along with the evidence, this defect of the evidence was supplied by the defendant's statement, for he admitted that he had placed the baskets in Flint River for the purpose of catching fish. The judge was authorized to find, under the evidence and the defendant's statement, that he placed

the baskets in Flint River for the purpose of catching fish. This brings us to consider the question argued, (b) that the evidence fails to show that the baskets were placed for the purpose of catching fish in Clayton County, Georgia. The defendant contends that they were placed in Fayette County. The Code, § 27-1102, provides: "Whenever a stream of water is the boundary of a county, the jurisdiction of the county shall extend to the center of the main channel of such stream; and if an offense is committed on such stream, and the evidence on the trial does not definitely disclose in which county it was committed, the courts of either county may maintain jurisdiction for the trial and punishment of the offender." From the record it appears that the contention that the venue was not proved is without merit for two reasons: (1) The judge was authorized to believe by inference, at least, from the evidence and from the defendant's statement, that since the game warden saw the defendant remove the basket within six feet of the bank of the river on the Clayton County side, it could not have gotten there by any means other than that the defendant placed it there, notwithstanding the explanation of the defendant. On this particular issue we grant that there was a conflict between the State's evidence and the defendant's contention, but the judge was authorized to believe the State's contention, from the whole record. This is true when we draw conclusions from calculating the width of the river, the length of the wire from the anchor to the basket, the length of the extension of the log from the center of the stream toward the bank on the Clayton County side, and the place on the Fayette County side where the defendant claims to have placed the basket. And (2) where the boundary line between two counties is the center of the main channel of a stream of water, and an offense is committed on such stream, and the evidence on the trial does not definitely disclose in which county it was committed, the courts of either county may maintain jurisdiction for the trial and punishment of the offender. Code, § 27-1102. The judge was authorized, under the evidence, to find the defendant guilty, even if it did not definitely disclose whether the offense was committed in Clayton County or Fayette County.

Counsel for the plaintiff in error earnestly urge that the instant case should be reversed on authority of a decision of this court, *Knight* v. *State,* 15 *Ga. App.* 474 (83 S. E. 797). There is no

conflict between what we have said above in the instant case and the opinion in the *Knight* case. In the *Knight* case the accusation was drawn under a different Code section, to wit, § 45-602, and charged the defendant with "actually catching shad fish with a set net." In the course of the opinion, the court said: "This admission would have been valuable evidence if the defendant had been charged with the use of nets for the purpose of catching shad, but it did not amount to a confession that he had actually caught any shad, and in point of fact he was prosecuted for catching shad with nets, and not for leaving in the river nets or other apparatus designed for catching shad—an entirely different offense. . . Had he been charged with the offense of using a net for the purpose of catching fish on days prohibited by the statute, the evidence might possibly have authorized the verdict. . . Section 23 [now § 27-1102] of the Penal Code, relating to venue in cases where counties are divided by a stream of water, would not, it seems, apply, since no witness testified definitely that the handling of the nets was at any point on the Altamaha River where that river formed the boundary between McIntosh and Glynn Counties." It follows from what we have written above that instead of the *Knight* decision sustaining the contention of the defendant, it is in support of the conclusions we have reached in this case.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*